# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANDRE M. SALLEE,

Petitioner, : Case No. 2:26-cv-01051

- vs - Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

WARDEN,
Mansfield Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Andrew Sallee to obtain relief from part of the sentence imposed on him by the Franklin County Court of Common Pleas as a result of his conviction in that court on his plea of guilty to a charge of felonious assault.

Upon filing the case was assigned randomly to Chief District Judge Sarah D. Morrison and then, again randomly, referred to the undersigned pursuant to Amended General Order 22-05. It is before the Court for preliminary consideration under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner seeks a revision of the jail time credit against his current sentence that he received from the Common Pleas Court. Upon review, the Magistrate Judge concludes Petitioner is not entitled to habeas corpus relief. A claim that one is being held imprisoned on a state court conviction beyond the time authorized by state law states a claim for unconstitutional

imprisonment under the Due Process Clause of the Fourteenth Amendment. But before that claim is brough to federal court, it must first be fairly presented to a complete round of consideration in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999). Sallee presented his claim to the Common Pleas Court by way of a Motion for Jail-Time Credit (Attachment to Petition at ECF No. 1-1, PageID 16). However, the trial court judge, Judge Andria Noble, granted that motion in part and denied it in part on February 5, 2026. *Id.* at PageID 31-33. Judge Noble's decision was a final appealable order and under Ohio law a notice of appeal to the Franklin County (Tenth District) Court of Appeals was due to be filed not later than March 9, 2026, but Sallee took no appeal. He says he did not know how, but ignorance of the law does not excuse failure to comply. Because he did not appeal, his claim is procedurally defaulted and should be dismissed on that basis.

Alternatively, if the Court were to reach the merits of Petitioner's claim, it would be bound by Judge Noble's interpretation of Ohio law. She analyzed Sallee's claim and found he was not entitled under Ohio law to the additional jail-time credit he claims. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). In deciding the implicit Due Process constitutional claim Petitioner makes here, this Court is bound by the state court's determination that Petitioner's

present sentence does not exceed that authorized by Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 31, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.